STATE v. WILLIAM H. ADAMSON and Others.

July 12, 1898.

Nos. 11,130—(22).

**Assault—Evidence of Accomplice—Verdict Sustained by Evidence.**
   Evidence considered, and *held* sufficiently corroborative of the testimony of the defendant's accomplice.

Defendants William H. Adamson, Lou Hegman and Jake Fitzgerald were jointly tried in the municipal court of Minneapolis before Holt, J., and a jury, on a complaint charging them with assault and battery on the person of C. E. Brame. On the trial, the court dismissed the case as to defendant Hegman, and the jury returned a verdict of guilty as against defendants Adamson and Fitzgerald. From the judgment sentencing defendant Adamson to pay a fine of $75, and defendant Fitzgerald to pay a fine of $50, these two defendants jointly appealed. Affirmed.

On the trial, one of the witnesses was asked by the prosecution the following question: "Do you know what took place in there?" To which the witness answered: "I couldn't understand everything that was said; he said he couldn't get the money until he saw whether he was hurt or not." The refusal of the court to strike this answer out as not responsive is the basis of appellants' fifth assignment of error.

*A. P. Loomis,* for appellants.

*H. W. Childs,* Attorney General, *Frank Healey* and *H. D. Dickinson,* for the State.

BUCK, J.

The defendants Adamson and Fitzgerald were convicted in the municipal court of the city of Minneapolis of having committed an assault and battery upon the person of one C. E. Brame. The de-

fendant Hegman was discharged by the court. Each of the appellants were sentenced by the court to pay a fine, or be imprisoned in the workhouse of the city of Minneapolis. The defendants appealed jointly.

Five errors are assigned. The last one is too trivial to need discussion.

As counsel say, the other four may be considered together, and the question raised by them is that the testimony of the principal witness for the state against them, one August Seeber, who was an accomplice in the assault, was not corroborated by any proof connecting either of the appellants with the commission of the offense.

G. S. 1894, § 5767,.provides that

"A conviction cannot be had upon the testimony of an accomplice, unless he is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The trial was to a jury, and the charge of the judge upon this point was favorable to the appellants, and there were no exceptions to it in any respect. We have carefully perused the evidence, and it furnishes sufficient support for the verdict of the jury.

Judgment affirmed.